UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00261-RJC
(3:18-cr-00292-RJC-DSC-2)

| | |
|---|---|
| LAURENCE SESSUM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Affidavit in Support of Motion to Correct or Amend Evidentiary Hearing Transcript Record Pursuant to Federal Rule of Appellate Procedure 10(e)" [Doc. 28], which the Court construes as a motion to correct the record under Federal Rule of Appellate Procedure 10(e).

**I.  BACKGROUND**

On August 22, 2018, Petitioner was charged in a Bill of Indictment with one count of Fraudulent Debt Collection Conspiracy in violation of 18 U.S.C. § 1349; one count of Wire Fraud Scheme and aiding and abetting the same in violation of 18 U.S.C. §§ 1343 and 2; one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h); and one count of Destruction of Objects and Records and aiding and abetting the same in violation of 18 U.S.C. §§ 1519 and 2.  [Doc. 3].  A jury found Petitioner guilty on all four counts.  [Doc. 66].

Petitioner timely filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  [Civil Case No. 3:23-cv-00261 ("CV"), Doc. 1].  Petitioner made *inter alia* numerous claims of ineffective assistance of counsel, including during plea negotiations, pre-trial, trial,

sentencing, and on appeal. [Id. at 4]. The Court conducted an evidentiary hearing on the limited issue of whether Petitioner's attorney provided ineffective assistance of counsel relative to the plea negotiations in Petitioner's criminal proceeding. [See CV Doc. 6; 11/9/2023 Minute Entry]. After this hearing, the Court denied and dismissed Petitioner's § 2255 motion to vacate on the merits. [CV Doc. 21]. Petitioner appealed and the record was assembled and transmitted to the United States Court of Appeals for the Fourth Circuit. [CV Doc. 24; 3/22/2024 Docket Entry].

Now pending is Petitioner's motion to correct the record under Federal Rule of Appellate Procedure 10(e). [CV Doc. 28]. Petitioner claims that seven different portions of the "[e]videntiary hearing record are either misstated, incomplete and/or omitted from the certified transcript" and asks that they be corrected or amended and for the Court to appoint another court reporter to retranscribe the proceedings and to provide Petitioner with an audio recording of the proceeding. [See id. at 2].

## II. ANALYSIS

"If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed R. App. P. 10(e)(1). See Loc. R. 10(d) (4th Cir.) ("Disputes concerning the accuracy … of the record on appeal should be resolved in the trial court in the first instance[.]"). Rule 10(e) "vests authority in the district court to conform the record to what occurred in the district court either by supplying what has been omitted or correcting what has been erroneously transcribed." United States v. Greenwell, 418 F.2d 845, 846 (4th Cir. 1969) (per curiam). Rule 10(e) does not specify the burdens of proof or persuasion. United States v. Graham, 2012 WL 12877810, at *1 (D. Md. Jul. 25, 2012), aff'd 711 F.3d 445 (4th Cir. 2013).

The Court has reviewed each of the errors Petitioner alleges occurred in the transcription and, regardless of the applicable standards of proof and persuasion, finds no basis to correct the transcript. In large part, Petitioner seeks to rewrite his testimony or the precision with which he spoke at the hearing, not correct errors made by the court reporter. For instance, Petitioner wants the Court to change the bolded portion of the following testimony:

> Q. Did you understand that generally when there's a plea offer you get a better deal that if you proceed to trial?
>
> **A. Yes.**

To instead read:

> Q. Did you understand that generally when there's a plea offer you get a better deal that if you proceed to trial?
>
> **A. Back then the way he explained it I didn't understand the difference.**
>
> **Q. What about now do you understand the difference?**
>
> **A. Yes.**

[CV Doc. 28 (citing CV Doc. 19 at 25, lines 2-4)]. Petitioner also asks the Court to change the following testimony:

> Q. So when you counteroffer -- and that was not to charge [Petitioner's co-Defendant] Ms. Okomba; correct?
>
> A. Correct.

To instead read:

> Q. You countered because you wanted to help Okomba is that correct?
>
> A. Of course she was the only one that was innocent.

3

[CV Doc. 28 at 3 (citing CV Doc. 19 at 23, lines 23-25)]. The Court finds Petitioner's claim that the court reporter errantly transcribed this and the other challenged testimony and that Petitioner, over six months later, accurately recalls his *verbatim* testimony highly incredulous.

Petitioner also takes issue with the court reporter's use of "--" in the transcript, claiming it constitutes a "redaction" of the record, a mistranscription, and/or reflects missing portions of the evidentiary record "sufficient to distrust the accuracy of the stenographic transcript." [Id. at 5]. For instance, Petitioner wants the Court to change the following testimony:

> Q. But did you ask for any information that you thought you needed in order to make an informed decision?
>
> A. Him being my lawyer, I don't think I really should have had to ask. He should have been able to fully explain it to me. I'm just a client. I'm not **--** I didn't go to law school. I don't know this stuff.

To instead read:

> Q. But did you ask for any information that you thought you needed in order to make an informed decision?
>
> A. Him being my lawyer, I don't think I really should have had to ask. He should have been able to fully explain it to me. I'm just a client. I'm not **a law student** I didn't go to law school. I don't know this stuff.

[Id. at 5 (citing CV Doc. 19 at 32, line 5); see also id. (citing CV Doc. 19 at 11, lines 1-8; id. at 19, line 19; id. at 20, lines 20-21; id. at 31, lines 20-24)]. Contrary to Petitioner's interpretation, the court reporter's use of "--" in the transcript plainly reflects a break or change in the witness' train of thought. Moreover, where the court reporter uses a single dash ("-"), it denotes the witness' use of shorthand to reflect a word or idea. [See CV Doc. 19 at 11, lines 7-8 ("20-" and "15-" used where Petitioner appears to mean $20,000 and $15,000, respectively)]. There are no missing or mistranscribed words where Petitioner claims them to be. If the court reporter had been unable to

4

transcribe words that were spoken, they would have indicated as much by transcribing "(inaudible)" or the like in place of the "missing" words. Because the Court is convinced that the record transmitted to the appeals court accurately reflects what occurred in the district court, the Court will deny Petitioner's motion.

## III. CONCLUSION

For these reasons, the Court will deny Petitioner's motion to correct the record under Federal Rule of Appellate Procedure 10(e) and direct the Clerk to transmit this Order to the United States Court of Appeals for the Fourth Circuit.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion [Doc. 28] is **DENIED** and that the record transmitted to the United States Court of Appeals for the Fourth Circuit accurately discloses what occurred in this Court.

The Clerk is respectfully instructed to ensure transmission of this Order to the Fourth Circuit.

**IT IS SO ORDERED**.
Signed: July 1, 2024

Robert J. Conrad, Jr.
United States District Judge